# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

OCTAVIO DE LEON,

    Petitioner,

v.

ALEJANDRO MAYORKAS, et al.,

    Respondents.

Case No.: 2:23-cv-02073-GMN-VCF

**Order**

Petitioner Octavio De Leon is a federal prisoner at the Henderson Detention Center who has been detained by Immigration and Customs Enforcement ("ICE") since March 9, 2023. He petitions for a writ of habeas corpus under 28 U.S.C. § 2241 claiming that his continued confinement violates his right to substantive and procedural due process guaranteed by the Fifth Amendment of the U.S. Constitution and the Immigration and Naturalization Act ("INA"). He asks to be released from custody either on his own recognizance or under parole with a low bond and reasonable conditions of supervision. Having considered the exhibits and arguments filed by the parties, the court denies De Leon's petition for a writ of habeas corpus.

**I.     Background**

De Leon, a native and citizen of Guatemala, was admitted to the United States in February 2000 as a lawful permanent resident. ECF No. 3-2 at 2.  In July 2020, he entered a guilty plea in the Seventh Judicial District Court for Nevada to mid-level trafficking in a

controlled substance, methamphetamine, a Category B felony. ECF No. 3-3. The court entered a judgment of conviction in October 2020, under which he remained incarcerated until March 2023. *Id.*

On March 9, 2023, ICE took DeLeon, just paroled, into custody and initiated removal proceedings. ECF No. 3-2. ICE charged DeLeon with removability based on INA section 237(a)(2)(B)(i), which requires the removal of a noncitizen due to a criminal conviction of certain controlled substance violations. *Id.*, *see* 8 U.S.C. § 1227(a)(2)(B)(i). On March 22, 2023, an immigration judge ("IJ") denied DeLeon's request for a custody redetermination (bond hearing). ECF No. 3-4. The IJ determined that the immigration court lacked jurisdiction because De Leon is subject to mandatory custody under 8 U.S.C. § 1226(c). *Id.* De Leon did not appeal that decision. ECF No. 3 at 2.

De Leon, with the assistance of counsel, filed an application for cancellation of removal. In a decision rendered on June 15, 2023, the IJ found that De Leon met the threshold eligibility requirements for cancellation under 8 U.S.C. § 1229b(a), but failed to demonstrate that he was entitled to relief as a matter of discretion. ECF No. 3-5. The IJ denied the application for cancellation of removal and ordered De Leon to be removed from the United States to Guatemala. *Id.* at 19. The IJ also denied De Leon's request for voluntary departure. *Id.*

De Leon appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). ECF No. 3-6. On September 22, 2023, the BIA returned the record to the IJ because a transcript had not been generated for the hearing on June 15, 2023. ECF No. 3-7. While that matter was pending, De Leon filed another request for a custody redetermination. ECF No. 3-8. On October 11, 2023, the IJ denied the request based on a finding that De Leon "ha[d] not established changed circumstances to warrant another bond hearing." *Id.* According to the government's

response to De Leon's habeas petition, DeLeon appealed that decision to the BIA, which has yet to issue a decision.[1]

On November 8, 2023, in response to the BIA's return of the record, the IJ again denied De Leon's applications for cancellation of removal and voluntary departure and again ordered De Leon removed to Guatemala. ECF No. 3-9.  According to the government's response, De Leon has appealed the IJ's decision to the BIA, which received the appeal on November 10, 2023, and has yet to issue a decision.

De Leon, with assistance of counsel, initiated this federal habeas proceeding by filing his petition on December 15, 2023. ECF No. 1.  The government filed their response to the petition on January 9, 2024. ECF No. 3.  De Leon had an opportunity to file a reply but did not do so.

**II.     Legal Standards**

Title 28 U.S.C. § 2241 grants federal courts the authority to issue writs of habeas corpus to individuals in custody if that custody is a "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Section 2241 is the proper vehicle through which to challenge the constitutionality of an alien's detention without bail. *Demore v. Kim*, 538 U.S. 510, 516–17 (2003).

The U.S. Supreme Court in *Jennings v. Rodriguez* held "that § 1226(c) mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings 'only if' the alien is released for witness-protection purposes." *Jennings v. Rodriguez*, 138 S. Ct. 830, 847 (2018).  The Supreme Court overturned Ninth Circuit

---

[1] The response indicates that De Leon's notice of appeal is attached as Exhibit 8. ECF No. 3 at 3. This appears to be a clerical error given that Exhibit 8 (ECF No. 3-9) is not a notice of appeal. Because De Leon has not corrected the government on this point, the court presumes that De Leon did, in fact, file an appeal that remains pending before the BIA.

precedent requiring periodic bond hearings for § 1226(c) detainees as statutory matter, but declined to reach the merits of the petitioners' constitutional arguments. *Id*. at 851.  As a result, current Supreme Court precedent does not tell us when the length of detention under § 1226(c) will become unreasonable without a bond hearing, making continued detention unconstitutional in a particular case.  The issue also remains unresolved in the Ninth Circuit. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1200 (9th Cir. 2022) ("We in turn remanded [Jennings] to the district court, which has not yet issued a decision."); *see also Avilez v. Garland*, 48 F.4th 915, 927 (9th Cir. 2022) (declining to determine whether due process required a bond hearing for a noncitizen detained under § 1226(c) and remanding to the district court for consideration of the due process claim).

In the absence of clear guidance from a higher court, district courts in this circuit have taken various approaches to determine whether due process requires a bond hearing in a particular case. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 877-78 (E.D. Cal. 2022) (discussing various approaches).  Among them is the test established in in *Mathews v. Eldridge*, 424 U.S. 319 (1976), a case in which the Court recognized that " [t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews*, 424 U.S. at 333 (internal quotation marks and citation omitted).  *Mathews* lays out a three-part test to determine whether a claimant has been provided constitutionally adequate due process. *Id*. at 334–35.  Recognizing that "due process is flexible and calls for such procedural protections as the particular situation demands," the court must consider: (1) the private interest affected by government action; (2) the risk of an erroneous deprivation of the private interest through the procedures used, and the probable value, if any, of additional or alternative procedures; and (3) the government's interest, including the function involved and the burdens

that additional or alternative procedures would entail. *Id*. (internal quotation marks and citation omitted).

The Ninth Circuit has applied *Mathews* to due process challenges to continued immigration detention without a bond hearing. *See Rodriguez Diaz* 53 F.4th at 1206-07 ("Ultimately, *Mathews* remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context."). *Rodriguez Diaz* involved a petitioner detained under § 1226(a), but the court did not determine that *Mathews* is inapplicable to § 1226(c) cases. While some courts in the circuit have opted to apply other tests in § 1226(c) cases,[2] this court concludes that *Mathews* provides the best framework for determining whether a § 1226(c) detainee's continued mandatory detention without a bond hearing implicates due process concerns.

**III.    Analysis**

The holding in *Jennings* forecloses any claim that De Leon's continued detention violates the federal immigration statutes. The only question is whether his continued detention without a bond hearing violates his constitutional right to due process.

The government argues that De Leon is not entitled to relief because he sought and received two bond hearings. This argument is not convincing. As noted above, the first decision was a summary denial based on a finding that the immigration court lacked jurisdiction to make a custody redetermination because DeLeon is detained under § 1226(c). Because she did not consider whether De Leon posed a danger to the community or was flight risk,[3] the IJ did not

---

[2] For example, the court in *Lopez* decided to "look to the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez* 631 F. Supp. 3d at 879.

[3] *See Rodriguez Diaz*, 53 F.4th at 1197 (recognizing danger to the community and flight risk as the factors the IJ considers in determining whether to order release).

5

provide De Leon with an opportunity to be heard in a meaningful manner, which is a fundamental requirement of due process. Similarly, the second denial appears to also be a summary denial with the IJ again declining to consider the two relevant factors. Even so, the court concludes that De Leon is not currently entitled to relief under the *Mathews* test.

As for the first *Mathews* factor, De Leon's private interest in being free from prolonged detention is clearly substantial. *See Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011) ("The private interest here—freedom from prolonged detention—is unquestionably substantial."). *See also Aleman Gonzalez v. Barr*, 955 F.3d 762, 772 (9th Cir. 2020); *Diouf v. Napolitano*, 634 F.3d 1081, 1091–92 (9th Cir. 2011). However, his length of detention currently falls short of the one-year mark recognized as the point at which the factor begins to weigh in the petitioner's favor. *See Lopez*, 631 F. Supp. 3d at 880. In addition, De Leon's private interest is diminished, to some extent, by the fact that his detention has likely been prolonged by his decision to challenge his removal order. *See Rodriguez Diaz*, 53 F.4th at 1207-08.

The record also fails to establish that the second *Mathews* factor weighs in De Leon's favor because it does not show a significant risk of an erroneous deprivation of his private interest through the procedures used. De Leon makes broad statement that he is not a flight risk or danger to community but provides no explanation or evidence to support the claim. ECF No. 1 at 2. The IJ's decision denying De Leon's application for cancellation of removal does note his ties to his children and parents residing in California and his history of gainful employment, but it also recounts his history of criminal conduct extending from his arrival in the United States in 2000 until his 2020 felony drug conviction and subsequent imprisonment. ECF No. 3-5 at 8-13. In the absence of any argument or evidence from De Leon to the contrary, this court is left to

assume that an IJ would deny De Leon's request for release or bail for the same reasons the IJ denied his application for cancellation of removal and request for voluntary departure.

Moving on to the third *Mathews* factor, the Supreme Court has held that, when the *Mathews* test is applied, "it must weigh heavily in the balance that control over matters of immigration is a sovereign prerogative, largely within the control of the executive and the legislature." *Landon v. Plasencia*, 459 U.S. 21, 34 (1982). In addition, "[t]he government has an obvious interest in 'protecting the public from dangerous criminal aliens.'" *Rodriguez Diaz*, 53 F.4th at 1208 (quoting *Demore*, 538 U.S. at 515). Here again, De Leon fails to address this issue in any meaningful way or offer any probative evidence that he is not likely to commit criminal acts if released. Thus, the record before the court supports a finding that the government has a strong interest in De Leon's continued detention.

Weighing the three *Mathews* factors in light of the current record, the court concludes that De Leon has received all of the due process protections to which he is entitled at this time. For that reason, the court denies his claim that he is entitled to habeas relief under the Due Process Clause.

## V. Conclusion

**IT IS THEREFORE ORDERED** that De Leon's petition for a writ of habeas corpus (ECF No. 1) is DENIED. The Clerk is directed to enter judgment accordingly and close this case.

Dated this  29  day of      January     , 2024.

_____
U.S. District Judge Gloria M. Navarro